UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                  :
RAFAEL OROZCO, *et al.*                           :
                                                  :        CASE NO. 5:09-CV-216
                        Plaintiffs,               :
                                                  :
vs.                                               :        OPINION & ORDER
                                                  :        [Resolving Doc. Nos. 4, 11.]
K.W. ZELLERS & SON, INC., *et al.*                :
                                                  :
                        Defendants.               :
                                                  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is a motion to dismiss, accompanied by a request for sanctions, filed by

Defendants K.W. Zellers & Sons, Inc., Kenneth Zellers, David Zellers, Cruz Martinez, and Jeffrey

Zellers (collectively, the "Defendants").  [Doc. 4.] The Defendants argue that this Court does not

have jurisdiction over the claims asserted in the Complaint filed by Plaintiffs Rafael Orozco and Alma

R. Orozco (collectively, the "Plaintiffs") based on the doctrines of collateral estoppel and *res

judicata*.  The Plaintiffs oppose the motion to dismiss. [Doc. 11.]  For the following reasons, the

Court **GRANTS** the Defendants' motion to dismiss and **DENIES** the Defendants' request for the

imposition of sanctions.

### I. Background

Plaintiffs Rafael and Alma R. Orozco brought an action in July 2003 seeking damages under

the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, *et seq*. (the "Act").

Case No. 5:09-CV-216
Gwin, J.

[Doc. 4, Ex. A.]  The Plaintiffs worked for Defendant K.W. Zellers & Son in 2002.  K.W. Zellers &

Son is an agricultural employer engaged in the business of harvesting and packing vegetables.

In their Complaint, the Plaintiffs alleged that, during their employment, the Defendants

violated the Act in three ways.  First, Plaintiffs contended that the Defendants violated the Act when

they failed to provide Plaintiff Alma Orozco with help packing radishes.  After Plaintiff Alma Orozco

had colon surgery in 2001, the Defendants agreed that they would provide her with assistance in

packing and lifting boxes.  The Plaintiffs suggested that the Defendants ultimately did not provide this

help.

Second, the Plaintiffs alleged that the Defendants failed to pay Plaintiff Alma Orozco wages

for the boxes of radishes that she packed.  The Plaintiffs stated that crew leader Cruz Martinez "stole"

some boxes packed by Alma Orozco.  Defendant K.W. Zellers & Son then paid the money owed to

Plaintiff Alma Orozco to family members of Cruz Martinez.  The Plaintiffs contended that they

complained to supervisor David Zellers, but that they ultimately received no payment.

Finally, the Plaintiffs claimed that the Defendants discharged Plaintiff Rafael Orozco in

retaliation for his complaints about their treatment of his wife, Alma Orozco.  In December 2002, the

Plaintiffs met with Defendants Cruz Martinez, Kenneth Zellers, and David Zellers.  At that time, the

Plaintiffs complained that the Defendants had not paid Alma Orozco the money owed to her by K.W.

Zellers & Son or provided her with assistance at work.  The Plaintiffs alleged that  the Defendants

subsequently discharged Plaintiff Rafael Orozco in violation of the Act.

On January 21, 2004, the Defendants moved for summary judgment and the Plaintiffs cross-

moved for summary judgment in their favor.  On February 23, 2004, the Court granted summary

judgment in favor of the Defendants and denied the Plaintiffs' motion. [Doc. 4, Ex. B.]

Case No. 5:09-CV-216
Gwin, J.

The Plaintiffs have now filed a Complaint against the Defendants that is substantively identical to their July 2003 Complaint, setting forth the allegations described above. [Doc. 1.] The July 2003 and the January 2009 Complaints only differ in two respects. First, the Plaintiffs have subtracted one Defendant (Jarrod Miller) and added another Defendant (Jeffrey Zellers) in their January 2009 Complaint. [*Id.*] Second, the Plaintiffs have added two new claims to their latest Complaint, alleging that (1) the Defendants provided false information about Rafael Orozco's position in the farm and also provided false information and evidence to the Equal Employment Opportunity Commission ("EEOC") about Plaintiff Rafael Orozco's discharge; and (2) the Defendants produced a fraudulent document about Rafael Orozco's discharge that included a false signature, thereby engaging in a criminal conspiracy to deprive the Plaintiffs of the full protection of the law under 18 U.S.C. § 241. [*Id.*]

## II.  Legal Standard

### A.  *The Migrant and Seasonal Agricultural Worker Protection Act*

The Migrant and Seasonal Agricultural Worker Protection Act provides a variety of protections for seasonal and migrant agricultural workers including disclosure of employment terms when workers are recruited, payment of wages when due, compliance with the work arrangement, and prohibition of retaliatory discharge. 29 U.S.C. § 1801, *et seq*; *see also Bueno v. Mattner*, 829 F.2d 1380, 1382 (6th Cir. 1987). Thus, the Act regulates the contractual relationship that exists between farmers, labor contractors, and migrant and seasonal workers. *Sanchez v. Overmeyer*, 845 F. Supp. 1178, 1179 (N.D. Ohio 1993).

The Act creates a private right of action. 29 U.S.C. § 1854(c). This civil remedy exists both to compensate injuries suffered by migrant and seasonal agricultural workers and to deter future

Case No. 5:09-CV-216
Gwin, J.

violations of the Act.  *Martinez v. Shinn*, 992 F.2d 997, 999 (9th Cir. 1993).

Courts construe the Act's provisions broadly in recognition of the legislative intent to "reverse the historical pattern of abuse and exploitation of migrant and seasonal farm workers."  *Castillo v. Case Farms of Ohio, Inc.*, 48 F. Supp. 2d 670, 675 (W.D. Tex. 1999) (citing H.R. Rep. No. 97-885 at 3).  Moreover, courts acknowledge the many barriers facing workers bringing claims under the Act.  Thus, courts interpret the Act so that "the most abused of all workers in the United States" are able to benefit from its protections. *Barajas v. Bermudez*, 43 F.3d 1251, 1260 (9th Cir. 1994) (citing H.R. Rep. No. 97-885 at 2).

*B. Motion to Dismiss*

### 1. Lack of Subject Matter Jurisdiction

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks.  Fed R. Civ. P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th  Cir. 1994).  A facial attack challenges the sufficiency of the pleading itself.  In such cases, the Court takes all material allegations in the complaint as true, and construes them in a light most favorable to the nonmoving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)).

When responding to a facial attack on subject matter jurisdiction, the plaintiff's burden is not onerous.  *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).  On the contrary, the plaintiff can "survive the motion by showing any arguable basis in law for the claim made." *Id.*

On the other hand, a factual attack does not challenge the sufficiency of the pleading's allegations.  Rather, it challenges the court's power to hear the case; i.e., the jurisdiction of the court.

Case No. 5:09-CV-216
Gwin, J.

In these cases, no presumption of truthfulness applies to the factual allegations. Moreover, the plaintiff has the burden of proving the existence of jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990).

In reviewing a factual attack, a district court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 592 (internal citations omitted). The Court has wide discretion to admit and examine affidavits and documents and to conduct a limited evidentiary hearing if necessary. *Ohio Nat'l Life Ins.*, 922 F.2d at 325. Ultimately, the court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id.*

### 2. Failure to State a Claim

A court can dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(6) only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept all of the allegations contained in the claim as true and construe such claim "liberally in favor of the party opposing the motion." *Id.* While the Court is obliged to accept as true the well-pleaded allegations in the complaint, the Court need not accept as true the "bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). The Court also need not accept "unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Nevertheless, the Court can only grant a motion to dismiss when the facts of the complaint show that there is an insuperable bar to relief for the plaintiff.

-5-

Case No. 5:09-CV-216
Gwin, J.

### III. Analysis

The Defendants move the Court to dismiss the Plaintiffs' claims based on the doctrines of collateral estoppel and *res judicata*. Further, the Defendants request that the Court impose sanctions on the Plaintiffs. Because the Court has already adjudicated, or should have already adjudicated, the claims brought by the Plaintiffs against the Defendants on the merits, the Court grants the Defendants' motion to dismiss. It denies the Defendants' request for sanctions, however, because the Defendants have not demonstrated that they have complied with the safe harbor provision of Federal Rule of Civil Procedure 11.

*A. Motion to Dismiss*

A right, question, or fact that is distinctly at issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies. *Montana v. United States*, 440 U.S. 147, 153 (1979) (citation and internal quotations omitted). Collateral estoppel, or issue preclusion, forecloses re-litigation of a matter that actually has been litigated and decided. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). *Res judicata*, or claim preclusion, forecloses litigation of a matter that has never been litigated if a court decides that it should have been advanced in an earlier suit. *Id.*

Collateral estoppel applies in the Sixth Circuit when: (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation; (2) the issue was actually litigated and decided in the prior action; (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation; (4) the party to be estopped was a party to the prior litigation or in privity with such a party; and (5) the party to be estopped had a full and fair opportunity to litigate

-6-

Case No. 5:09-CV-216
Gwin, J.

the issue.  *Wolfe v. Perry*, 412 F.2d 707, 716 (6th Cir. 2005) (citations omitted).

In the Sixth Circuit, a claim will be barred by prior litigation due to *res judicata* if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was – or should have been – litigated in the prior action; and (4) an identity of the causes of action. *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (citations omitted).

Viewing the facts in the light most favorable to the Plaintiffs, the non-moving parties, this Court finds that collateral estoppel and *res judicata* bar the Plaintiffs' claims against the Defendants. Collateral estoppel applies in this case because the parties fully and fairly litigated the Plaintiffs' claims that the Defendants failed to provide assistance to Plaintiff Alma Orozco, failed to pay wages to Plaintiff Alma Orozco, and wrongfully discharged Plaintiff Rafael Orozco in violation of the Migrant and Seasonal Agricultural Worker Protection Act and the Court resolved these claims on the merits. [Doc. 4, Ex. B.] The Court has also considered on the merits and denied the Plaintiffs' claim that the Defendants have or had employed illegal aliens in violation of federal law. [Doc. 4, Ex. C.] Thus, the doctrine of collateral estoppel bars the Court's consideration of the Plaintiffs' claims in this case.

Similarly, *res judicata* bars the Court's resolution of the Plaintiffs' claims. In their January 2009 Complaint, the Plaintiffs have added one Defendant (Jeffrey Zellers) and subtracted one Defendant (Jarrod Miller), as compared to their July 2003 Complaint. Jeffrey Zellers is nowhere mentioned in the January 2009 Complaint, however, while the Plaintiffs continue to implicate Jarrod Miller in this Complaint. The Plaintiffs also set forth two new claims in their latest Complaint, alleging that (1) the Defendants provided false information about Rafael Orozco's position in the farm and also provided false information and evidence to the EEOC about Plaintiff Rafael Orozco's

-7-

Case No. 5:09-CV-216
Gwin, J.

discharge; and (2) the Defendants produced a fraudulent document about Rafael Orozco's discharge that included a false signature, thereby engaging in a criminal conspiracy to deprive the Plaintiffs of the full protection of the law under 18 U.S.C. § 241. [Doc. 1.]

There is no reason why the Plaintiffs did not name Jeffrey Zellers as a Defendant (although they do not allege any wrongdoing on his part or otherwise mention him in their January 2009 Complaint) or why they did not litigate the additional claims relating to Plaintiff Rafael Orozco's termination in their previous suit against the Defendants.  Indeed, the Plaintiffs should have amended their original Complaint to include Jeffrey Zellers as a party and to present the additional factual claims because facts relating to the involvement of Jeffrey Zellers and giving rise to these claims were known to the Plaintiffs at the time that they filed their first suit.  *See Dubuc v. Green Oak Twp.*, 312 F.3d 736, 751 (6th Cir. 2002) (holding that the "doctrine of *res judicata* would become meaningless if a party could continue to relitigate the same issue . . . by merely positing a few additional facts that occurred after the initial suit"); *Cox v. Tenn. Valley Auth.*, No. 93-5231, 1994 WL 43433, at *4 (6th Cir. Feb.10, 1994) (concluding that, when a plaintiff becomes aware of additional facts or theories in the process of discovery, she should move to amend her complaint or face claim preclusion in subsequent suits); *Nathan v. Rowan*, 651 F.2d 1223, 1228 n. 8 (6th Cir.1981) (citing *Cromwell v. Cty. of Sac*, 94 U.S. 351 (1877)) ("Nevertheless, the doctrine of *res judicata* necessarily applies to all matters, including new or different legal theories against the same parties, that 'might have been offered in the prior action.['] ").  The Court therefore determines that the doctrines of *res judicata* and collateral estoppel bar its consideration of the Plaintiffs' claims.

*B. Request for Sanctions*

Federal Rule of Civil Procedure 11 aims to create a disincentive to offering frivolous legal

-8-

Case No. 5:09-CV-216
Gwin, J.

claims or arguments to the Court.  Its provisions clearly state that by presenting a document to the

court, an unrepresented party

> certifies that to the best of the person's knowledge, information, and belief, formed
> after an inquiry reasonable under the circumstances: (1) it is not being presented for
> any improper purpose, such as to harass, cause unnecessary delay, or needlessly
> increase the cost of litigation; (2) the claims, defenses, and other legal contentions are
> warranted by existing law or by a nonfrivolous argument for extending, modifying,
> or reversing existing law or for establishing new law; (3) the factual contentions have
> evidentiary support or, if specifically so identified, will likely have evidentiary support
> after a reasonable opportunity for further investigation or discovery; and (4)  the
> denials of factual contentions are warranted on the evidence or, if specifically so
> identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  In the Sixth Circuit, "the test for the imposition of Rule 11 sanctions is

'whether the individual[]s['] conduct was reasonable under the circumstances.'"  *Tropf v. Fidelity*

*Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002) (citations omitted).

Rule 11(c) also contains a "safe harbor" provision requiring a party seeking sanctions to first

serve a copy of the motion on the party that offered the allegedly frivolous argument or claim.  Fed.

R. Civ. P. 11(c)(1)(A).  Under this provision, the motion for sanctions "shall not be filed with or

presented to the court unless, within 21 days after service of the motion . . . the challenged paper,

claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."  *Id.*

The Sixth Circuit has interpreted this safe harbor provision to be "an absolute requirement."  *Ridder*

*v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997).  Therefore, where a party seeking sanctions

fails to comply with the safe harbor provision, its motion must be denied.  Further, a motion for

sanctions must be denied where the service and filing occurs after a judge rejects the offending

contention.  *Id.* at 297.

In this case, the Defendants have provided no indication to the Court that they have complied

Case No. 5:09-CV-216
Gwin, J.

with the safe harbor provision of Rule 11.  Thus, due to this apparent failing and in light of the

discretionary nature of Rule 11 sanctions, *Ridder*, 109 F.3d 293, the Court declines to impose

sanctions on the Defendants.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Defendants' motion to dismiss and

**DENIES** the Defendants' request for the imposition of sanctions.

IT IS SO ORDERED.


Dated: February 24, 2009                          s/          *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED  STATES  DISTRICT  JUDGE